# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CRYSTAL BOWMAN,**

    **Plaintiff,**

**v.**                                                                                             **Civil Action No. 1:04CV80**
                                                                                            **(Judge Stamp)**

**TAYLOR COUNTY JAIL, et al.;**
**TAYLOR COUNTY, et al.;**
**DEPARTMENT OF CORRECTIONS of WV, et. al.;**
**GRAFTON CITY HOSPITAL, et. al.;**
**LT. WILHELM; SGT. JOHN MICK;**
**ERICK SWICK; JAMES SACORKSKI;**
**NELSON MOORE; CHUCK SWIGER;**
**ANDREW PERKS; and DR. BRYER, et. al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

On May 3, 2004, the plaintiff, Crystal Bowman, filed a *pro se* action pursuant to 42 U.S.C. §1983 seeking monetary damages from the above-named defendants.[1]

On August 31, 2004, the plaintiff filed what was deemed an amended complaint in which she states that the Taylor County Jail did not provide "any remedies." She further states that "You could put requests in and they would not acknowledge them. You could not put in any complaint forms. There were no such things available at the Jail."

The plaintiff attached to her amended complaint a document titled "Events that happened to

---

[1] The plaintiff attempted to file the complaint with Gina Skinner. By Order entered on August 31, 2004, the Court ordered that Bowman would be considered the sole plaintiff in this case, that each plaintiff must pay the $150.00 filing fee, and that the Clerk's Office open a separate case for Gina Skinner. The Court also ordered the plaintiff to file an amended complaint to explain how each of the named defendants violated her constitutional rights and whether the Taylor County Jail provided any administrative remedies, and if so, whether she attempted to exhaust those remedies.

Crystal Bowman at Taylor County Jail." According to the information submitted by the plaintiff, on October 28, 2003, she had a high fever, but the "Taylor County Jail would not even give [her] any Tylenol." The plaintiff asserts that on November 15, 2003, she experienced chest pains and headaches and became unconscious. According to the plaintiff, the jail guards refused to call an ambulance, but Mick and two other guards took her to Grafton City Hospital where she received only a shot for pain and was returned to jail. The plaintiff asserts that she was taken to the hospital in approximately 25 degree weather wearing only shorts and a T-shirt. She also alleges her breast was exposed and "they would not cover me up. Afterwards, they made sexual comments to me." The next day, November 16, 2003, the plaintiff put in a sick call for sore ribs, but Mick ignored her request. Then, on November 17, 2003, the plaintiff put in another sick call. According to the plaintiff, she made suicidal threats and was having a nervous breakdown. Thus, Mick scheduled an appointment for the plaintiff at Grafton City Hospital for November 28, 2003. However, he cancelled the appointment because they were short of help at the jail and rescheduled the plaintiff's appointment for December 8, 2003.

On November 29, 2003, the plaintiff attempted to cut her wrist with a lightbulb. The plaintiff complains that Swick, Sacorski, and Mick did not check on her that night and "made remarks to [her] mentally."

The plaintiff also alleges that on December 5, 2003, she fainted and the guards took her to the hospital by police cruiser, instead of calling an ambulance. At the hospital, the plaintiff was given a shot for pain.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02. Having screened the plaintiff's complaint in accord with the local rules of this

Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A[2], the undersigned concludes that the facts as the plaintiff alleges are insufficient to sustain a claim and the complaint should be summarily dismissed.

## II. ANALYSIS

### A. Standard of Review

*Pro se* complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, see Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for her, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

Pursuant to 28 U.S.C. §1915, a §1983 action may be dismissed if the complaint is frivolous,

---

[2]28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(i), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" under section 1915(e) if the facts alleged are clearly baseless. Denton, 504 U.S. at 32 (1992). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

"To avoid dismissal of suit as frivolous, in forma pauperis plaintiffs must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, an action is malicious when filed with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va.1997).

Additionally, "[c]ourts should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)(internal citations omitted). Further, when dismissing civil rights complaint for failure to state a claim, the Court "must be especially solicitous

4

of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Id. (internal citations omitted). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)(internal citation omitted).

Under these standards, the undersigned finds that the plaintiff's complaint should be dismissed.

## B. Claims Against the Taylor County Jail

The Taylor County Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. §1983. See Preval v. Reno, 203 F. 3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, the plaintiff's complaint against the Taylor County Jail is frivolous and should be dismissed.

## C. Claims Against Taylor County

Counties are not liable under the theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658 (1978). In order for a county to be liable for monetary, declaratory, and injunctive relief, there must be a policy or custom involved. Id. The plaintiff has made no allegation whatsoever that a policy or custom of Taylor County violated her constitutional rights. Thus, Taylor County should be dismissed from this action for failure to state a claim.

## D. Claims Against the Department of Corrections

The Department of Corrections is an agency of the State of West Virginia. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Consequently, the Department of Corrections should be dismissed because its immune from suit.

**E. Claims Against Grafton City Hospital**

The plaintiff indicates she issuing Grafton City Hospital for improper medical treatment. Liberally construing the plaintiff's complaint, it appears that she may be attempting to assert an Eighth Amendment claim against the hospital.[3]

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

---

[3]The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn,

7

896 F.2d 848, 851 (4th Cir.1990); Norris v. Detrick, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997). Negligence or malpractice does not violate the Eighth Amendment. Estelle, 429 U.S. at 106.

The facts as alleged do not state a claim of any deliberate indifference on behalf of the hospital. The plaintiff merely alleges that she was only given shots when she was taken to the hospital, instead of undergoing testing to determine why she was experiencing chest pains, fainting, and headaches. However, an inmate is not entitled to the best possible care, only reasonable care. Vintage v. Gibbs, 550 F.2d 926 (4th Cir. 1977); Goff v.Bechtold, 632 F. Supp. 697, 698 (S.D.W.Va. 1986). Further, the denial of an inmate's preferred course of treatment does not violate a constitutional right. Id. Consequently, the undersigned recommends that the plaintiff's complaint against Grafton City Hospital be dismissed for failure to state a claim.

**F. Claims Against Wilhel, Mick, Swick, Sacorski, Moore, Swiger and Perks**

The plaintiff indicates that she is suing these defendants for "mental and physical phycological [sic] abuse," cruel and unusual punishment and denial of outside recreation for days at a time. She also states that jail guards would look at her "through their catwalk" when she was using the restroom.[4] Additionally, the plaintiff alleges that Mick cancelled her appointment at Grafton City Hospital and after the cancellation of her appointment, she attempted suicide. She also alleges that Sacorski and Perks sexually harassed her.

On May 4, 2005, the Court ordered the plaintiff to provide a more definite statement of her claims. Specifically, the Court ordered her to respond to the following questions:

Did you sustain any physical injury on November 29, 2003, as a result of the

---

[4]The undersigned has construed this as an invasion of privacy claim.

8

alleged suicide attempt, and if so what injury did you sustain and what treatment was rendered for that injury?

Was indoor recreation also denied on the days in question? Who denied recreation? What reasons were given for the denial of recreation? What injuries did you sustain as a result of not having recreation?

Which jail guards looked at you from the catwalk while you were using the restroom? How many times did the jail guards observe you using the restroom?

The plaintiff was advised that the failure to respond to the Order within 14 days of its entry would result in the dismissal of her claims regarding her suicide attempt, denial of recreation and invasion of privacy. The plaintiff failed to respond to the Court's May 4, 2005 Order. Thus, on June 6, 2005, the Court issued an Order to Show Cause wherein the plaintiff was ordered to show cause by June 13, 2005, why she did not resopnd to the Court's May 4, 2005 Order. She was further advised that her failure to respond to the Order would result in the recommendation that her claims regarding her suicide attempt, denial of recreation and invasion of privacy be dismissed. The plaintiff did not respond to the Order to Show Cause. Thus, it is recommended that the plaintiff's claims regarding her suicide attempt, denial of recreation and invasion of privacy be dismissed for failure to prosecute.

With regard to her complaint of "mental and physical and phycological [sic] abuse," the plaintiff does not explain what she means by such phrase. She merely makes a conclusory allegation. "Federal Rule of Civil Procedure 8(a)(2) provides that a viable complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. This requirement is by no means onerous; instead, it is designed to ensure that the complaint will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. Under this pleading system, a plaintiff must only

set forth facts sufficient to allege each element of his claim." Slade v. Hampton Roads Regional Jail 407 F.3d 243, 252 (4th Cir. 2005)(internal citations omitted). The plaintiff has failed to state a claim because she sets no facts whatsoever of any form of abuse.

Next, the plaintiff's allegations that the defendants subjected her to cruel and unusual punishment because the "jail guards" refused to call an ambulance, and Mick took her to the hospital in his cruiser on November 15, 2003, and on December 5, 2003, do not state a claim. Nor does the fact that she was taken to the hospital wearing only shorts and a T-shirt in 25 degree weather as she states no injury. In order to establish that she has been subjected to cruel and unusual punishment regarding conditions of confinement, a prisoner must prove that she was subject to an extreme deprivation of a basic human need and to do so a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions" or "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)(internal citations omitted). The plaintiff must also show that the defendants acted with deliberate indifference. Id.

Here, the plaintiff makes no allegation that she was injured by being taken to the hospital in a police cruiser in just shorts and a t-shirt or by any action or inaction of the defendants or that she was exposed to a serious risk of harm. Thus, she has failed to state a claim that she was subjected to cruel and unusual punishment.

With regard to her sexual harassment claim, the plaintiff asserts "they" made sexual comments to her because her breast was exposed when she was taken to the hospital. She does not indicate who made the comments, what the comments were or when the comments were made.

Further, in an attachment titled "Things that Happened to Woman on the Range at the Taylor

10

County Jail," she states that Perks "was making statements to me (Crystal) that I have two pretty daughters, especially my 12 year old daughter and that I better watch her real good because he would have her virginity. I was terrified to having my daughters visit me." The undersigned has viewed this as a sexual harassment claim too.

Claims regarding sexual harassment is a challenge to conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). To prevail on an Eighth Amendment claim regarding prison conditions, the plaintiff must prove a denial of the "minimum civilized measure of life's necessities" such that conditions could be cruel and unusual under the contemporary standards of decency, Rhodes v. Chapman, 452 U.S. 337, 347 (1981), which resulted from the defendants' deliberate indifference. Wilson v. Seiter, 501 U.S. 294 (1991). See also Green v. Sacchet, 2002 WL 32639150 (D. Md. 2002).

Here, the plaintiff's allegations do not support finding a constitutional violation. While the undersigned finds that alleged comments to be unprofessional, juvenile, and stupid they do not rise to a constitutional violation.

### III. RECOMMENDATION

In consideration of the foregoing, it is recommended that the plaintiff's §1983 complaint against the defendants be dismissed with prejudice pursuant to 28 U.S.C. §§1915(e) and 1915A.

Any party may file within ten (10) days after the date of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal

from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff.


DATED: August 1st , 2005

**/s** *John S. Kaull*

      JOHN S. KAULL
      UNITED STATES MAGISTRATE JUDGE