IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CRYSTAL BOWMAN,

    Plaintiff,

v.                                Civil Action No. 1:04CV80
                                      (STAMP)

TAYLOR COUNTY JAIL,
TAYLOR COUNTY, DEPARTMENT
OF CORRECTIONS OF WEST
VIRGINIA, GRAFTON CITY
HOSPITAL, LIEUTENANT WILHELM,
SARGENT JOHN MICK, ERICK SWICK,
JAMES SACORKSI, NELSON MOORE,
CHUCK SWIGER, ANDREW PERKS,
and DR. BRYER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

Pro se plaintiffs Crystal Bowman and Gina Skinner filed a complaint pursuant to 42 U.S.C. § 1983. On August 31, 2004, United States District Court Judge Irene M. Keeley entered an order adopting a report and recommendation entered by United States Magistrate Judge John S. Kaull that recommended both plaintiffs be ordered to file amended complaints to clarify how each of the named defendants violated each plaintiff's individual constitutional rights. Moreover, Judge Keeley ordered each plaintiff to pay the $150 filing fee and directed the Clerk to open a new case number for plaintiff Skinner that was different from that of plaintiff Bowman. Also on August 31, 2004, a letter from plaintiff Bowman

was filed in the United States District Court in Clarksburg, West Virginia, explaining "how each violated my rights."  On May 4, 2005, Magistrate Judge Kaull entered an order for a more definite statement.  In his order, the magistrate judge directed plaintiff Bowman to answer within 14 days specific questions necessary to state a cause of action against individual defendants.[1]  Finally, Magistrate Judge Kaull informed the plaintiff that failure to respond to the order would result in the dismissal of her claim.

The plaintiff failed to respond to the magistrate judge's order for a more definite statement.  On June 6, 2005, the magistrate judge entered an order for the plaintiff to show cause why she had failed to respond to his order for a more definite statement.  The plaintiff failed to respond to the order to show cause.

On August 1, 2005, Magistrate Judge Kaull filed a report concluding that the facts alleged by the plaintiff were insufficient to sustain a claim under § 1983.  Accordingly, the magistrate judge recommended that the complaint be dismissed with

---

[1]These questions were: (1) "Did you sustain any physical injury on November 29, 2003, as a result of the alleged suicide attempt, and if so what injury did you sustain and what treatment was rendered for that injury?" (2) "Was indoor recreation also denied on the days in question?  Who denied recreation?  What reasons were given for the denial of recreation? What injuries did you sustain as a result of not having recreation?" (3) "Which jail guards looked at you from the catwalk while you were using the restroom?  How many times did the jail guards observe you using the restroom?"

prejudice pursuant to 29 U.S.C. §§ 1915(e) and 1915A. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

In her § 1983 claim and subsequent letter, the plaintiff makes general allegations of discrimination sustained while she was incarcerated at the Taylor County Jail in Taylor County, West Virginia.

In his report, the magistrate judge acknowledged that pro se pleadings are to be liberally construed, but noted that a complaint should be dismissed where "it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir.

3

2005). First, the magistrate judge found that claims against Taylor County Jail must be dismissed because the jail is not a proper defendant pursuant to 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Second, the magistrate judge found that claims against Taylor County must be dismissed because no policy was in place to create liability under a theory of respondeat superior pursuant to 42 U.S.C. § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Third, the magistrate judge found that claims against the Department of Corrections of West Virginia must be dismissed because the department is an agency of a state, and therefore, protected by the Eleventh Amendment. See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Fourth, the magistrate judge found that claims against the Grafton City Hospital must be dismissed because, even construing the plaintiff's claim most liberally, the plaintiff failed to alleged any facts that would support a finding that her care was not reasonable and that any of her constitutional right were violated. See Vintage v. Gibbs, 550 F.2d 926 (4th Cir. 1977).

Finally, the magistrate judge found that claims against Lieutenant Wilhelm, Sargent John Mick, Erick Swick, James Sacorski, Nelson Moore, Chuck Swiger and Andrew Perks must be dismissed because she failed to allege facts that could support a finding of constitutional violations. The magistrate judge correctly

4

indicates that he provided several opportunities for the plaintiff to present to the court additional facts. Indeed, the magistrate judge even detailed in his order for a more definite statement specific questions that needed to be answered in order for the plaintiff's claim to survive. However, the plaintiff failed to respond to both the magistrate judge's order for a more definite statement and his subsequent order to show cause. This Court agrees with the magistrate judge that the plaintiff offered no facts that could support her causes of action against these individual defendants, and therefore, her claims against these defendants must be dismissed.[2]

## II. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's §1983 complaint against the defendants is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e) and 1915.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

---

[2] Also listed in the case style is a "Dr. Bryer." However, upon review of the plaintiff's complaint and subsequent filings, this Court cannot find any allegations made as to a "Dr. Bryer." Accordingly, this Court finds that defendant Bryer must also be dismissed from this Complaint.

waiver of appellate rights.  Because the petitioner failed to object, she has waived her right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    December 28, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE